IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAMELA G. MOLLOHAN,

    Plaintiff,

  vs.                                                                   Civil Action No. 2:08 CV 56
                                                                                (Maxwell)

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

It will be recalled that the above-styled social security appeal was instituted on April 3, 2008, with the filing of a Complaint by Plaintiff Pamela G. Mollohan.

It will further be recalled that the case was referred to United States Magistrate Judge John S. Kaull in accordance with Rule 83.12 of the Local Rules of General Practice and Procedure.

On September 29, 2008, Magistrate Judge Kaull entered a Report And Recommendation/Opinion (Docket No. 13) wherein he recommended that the Plaintiff's Complaint be dismissed with prejudice for failure to prosecute and for failure to comply with the Court's September 16, 2008, Order Granting in Part and Denying in Part Plaintiff's Motion for Extension of Time to File Summary Judgment, which extended the time for the Plaintiff to file her motion for summary judgment until September 24, 2008.

In said Report And Recommendation/Opinion, the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion. Magistrate Judge Kaull's Report And Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's September 29, 2008, Report And Recommendation/Opinion have been filed. The Court would note, however, that the Plaintiff's Motion For Summary Judgment and Brief In Support thereof were filed on October 3, 2008.

Pursuant to Rule 83.12(b) of the Local Rules of General Practice and Procedure, the Plaintiff's Motion For Summary Judgment was required to be filed within thirty days after the filing of the Defendant's Answer. The docket in this matter reflects that the Defendant's Answer was filed on June 9, 2008. Accordingly, the Plaintiff's Motion For Summary Judgment should have been filed on or before July 14, 2008. The Plaintiff's Motion For Summary Judgment was not filed on or before July 14, 2008. On September 15, 2008, however, the Plaintiff filed a Motion for Extension of Time to File Summary Judgment. By Order entered September 16, 2008, Magistrate Judge Kaull granted the Plaintiff's Motion for Extension of Time, in part, and gave the Plaintiff until 4 p.m. on

September 24, 2008, in which to file her Motion For Summary Judgment.  Magistrate Kaull's September 16, 2008, Order expressly cited Rule 83.12(d) of the Local Rules of General Practice and Procedure which provides as follows:

> No extensions of time for filing briefs shall be allowed absent a showing of good cause.  If a party desires an extension of time within which to respond, the moving party is specifically directed to file a motion for extension before the date upon which the brief or response is due . . . .

Magistrate Kaull's September 16, 2008, Order further found that "[n]ot only is Plaintiff's motion untimely, the reasons given for needing the extension of time, while certainly statements of neglect, do not constitute excusable neglect or good cause." Nevertheless, as previously noted, Magistrate Kaull gave the Plaintiff until 4:00 p.m. on September 24, 2008, in which to file her Motion.

As previously noted, the Plaintiff's Motion For Summary Judgment was not filed until October 3, 2008.  Two docket entries from that same date reflect that counsel for the Plaintiff apparently believed that serving the Plaintiff's Motion For Summary Judgment on the United States, via the United States Postal Service, was sufficient to constitute "filing" with the Clerk of Court.  In this regard, a docket entry reflects that the United States Attorney's Office in Wheeling received their copy of the Plaintiff's Motion For Summary Judgment, which had been postmarked September 29, 2008, on October 1, 2008.

Even assuming that service on the United States was sufficient to constitute "filing" with the Clerk of Court, the Plaintiff's Motion For Summary Judgment was still

3

"filed" five days late. In light of the fact that Magistrate Judge Kaull had already given the Plaintiff the benefit of a generous extension of time in which to file her Motion For Summary Judgment despite the fact that her Motion For Summary Judgment was two months overdue at the time she sought the extension, the Court is simply unable to make any further allowances. Accordingly, the Plaintiff's Motion For Summary Judgment will not be considered by the Court.

Upon consideration of said Report and Recommendation/Opinion, and having received no written objections thereto[1], the Court accepts and approves the Report And Recommendation/Opinion. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 13) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly, it is

**ORDERED** that the above-styled social security appeal be and the same is hereby, **DISMISSED with prejudice** for failure to prosecute and for failure to comply with the Court's September 16, 2008, Order Granting in Part and Denying in Part Plaintiff's Motion for Extension of Time to File Summary Judgment, which extended the

---

[1] The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. *See* Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

time for the Plaintiff to file her motion for summary judgment until September 24, 2008.

The Clerk of Court is directed to transmit copies of this Order to counsel of record.

**ENTER:** October  20 , 2008

                                                    **/S/ Robert E. Maxwell**
                                                    United States District Judge